The Honorable Eric Harris State Representative P.O. Box 796 Lowell, AR 72745-0796
Dear Representative Harris:
I am writing in response to your request for an opinion on the following question:
 Did the enactment of Act 1693 of the 2001 General Assembly repeal the municipal courts and requirements for part time judges found in A.C.A. 16-17-101 et seq., specifically 16-17-104, and implement Amendment 80's requirements for Courts and full time judges, specifically paragraph 16 (C) earlier than the January 1, 2005 implementation date stated in paragraph 19 (B) (2) of Amendment 80 and in light of the Arkansas Supreme Court's per curiam order of December 19, 2002?
RESPONSE
Although it is not entirely clear from your question, I assume that you are primarily concerned with the law practice requirement for a "municipal court" judge under A.C.A. § 16-17-104, in light of Amendment 80, § 16 (C)'s licensing requirement for "District Judges."[1] In this regard, it is my opinion that although Act 1693 of 2001 did not "repeal" municipal courts, this act and Arkansas Constitution Amendment 80, § 16 (C) have the effect of superseding A.C.A. § 16-17-104 as to those who assume the office of municipal judge (now "district judge") after July 1, 2001.
Some explanation is necessary in light of the various provisions cited in your question. Amendment 80, § 16 (C), requires that "District Judges shall have been licensed attorneys of this state for at least four years immediately preceding the date of assuming office." Amendment 80 became effective in July of 2001. Ark. Const. amend. 80, § 21.
Arkansas Code Annotated § 16-17-104 (Repl. 1999) provides:
 No person otherwise qualified to hold the office of judge of any municipal court shall be qualified for that office unless he shall have practiced law within the state for at least three (3) years. However, in any city having an aldermanic form of government and having a population of fifteen thousand (15,000) persons or less, according to the most recent federal census, any attorney regularly licensed to practice law in this state shall, if otherwise qualified, be eligible to hold the office of municipal judge.[2]
Act 1693 of 2001, (codified at A.C.A. § 16-17-132 (Supp. 2001)), states that "[a]ll municipal courts now in existence shall be known as district courts and all judges of the former courts will be know as district judges." The effective date of this act was July 1, 2001. Acts 2001, No. 1693, § 3.
Your question involves the effectiveness of A.C.A. § 16-17-104, following the adoption of Amendment 80 and the passage of Act 1693 of 2001. Although the answer may not be entirely clear from Amendment 80, a reading of Amendment 80 together with Act 1693 of 2001 leads me to conclude that A.C.A. § 16-17-104 does not apply after July 1, 2001, because after that date, there is no court denominated as a "municipal court." Amendment 80 established "district courts" effective July, 2001.See Ark. Const. amend. 80, § 7 (a) (providing that "District Courts areestablished as the trial courts of limited jurisdiction. . . ." (Emphasis added)). Act 1693 of 2001 then designated municipal courts as "district courts," effective July 1, 2001. But for the passage of Act 1693, the matter of identifying Amendment 80 "district courts" would be uncertain. It is clear from the title and emergency clause of Act 1693, however, that the intent was to implement changes made by Amendment 80. Accordingly, "district courts" exist now, although Amendment 80 maintains the jurisdictional status quo until January 1, 2005. See Ark. Const. amend. 80, § 19 (B)(2). And I believe it necessarily follows that A.C.A. § 16-17-104 cannot apply after July 1, 2001.
It is therefore my opinion that Amendment 80, § 16 (C) is the governing provision after July 1, 2001, and that those who assume the office of district judge after that date must have been licensed attorneys for at least four years immediately preceding the date of assuming office.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Regarding your reference to "part time judges" and "full time judges," it should perhaps be noted, as recognized by the Arkansas Supreme Court in its per curiam, that while Amendment 80 contemplates district court judges serving full time, it does not require it. SeeAmended Supreme Court Statement on Limited Jurisdiction Courts UnderAmendment 80 (per curiam, Dec. 19, 2002).
[2] Several other statutes establish law practice requirements for municipal judges (see, e.g., A.C.A. § 16-17-209). Because your question is not focused upon the statutory requirement, apart from the effect of Amendment 80, I will not discuss the other statutes. But see Ops. Att'y Gen. 92-286 and 91-378 (regarding particular conflicting statutes).